UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TERRANCE EDWARDS,

        Petitioner,

v.                                                 Case No. 07-CV-275

MICHAEL THURMER,

        Respondent.

_____

## ORDER

On March 21, 2007, petitioner Terrance Edwards ("Edwards") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction for armed robbery. On April 3, 2007, the court denied Edwards's motion to proceed *in forma pauperis*, and dismissed two of Edwards's seven grounds for relief after reviewing the petition under Rule 4 of the Federal Rules Governing Section 2254 Cases. Five grounds from Edwards's petition remain: (1) whether Edwards's rights were violated under the Fourth Amendment of the United States Constitution; (2) whether Edwards was placed in jeopardy twice for the same offense in violation of the Fifth Amendment; (3) whether Edwards was denied effective assistance of counsel in violation of the Sixth Amendment; (4) whether Edwards was denied a speedy trial in violation of the Sixth Amendment; and (5) whether Edwards knowingly and voluntarily entered a plea of guilty.

Before considering Edwards's petition, the court notes that Edwards's original petition was filed against Phil Kingston, the warden of the Waupun Correctional Institution. However, in answering the petition, counsel for Kingston notified the

court that Michael Thurmer had replaced Phil Kingston as warden effective April 15, 2007. (Docket #10). Therefore, pursuant to Rule 2 of the Rules Governing Section 2254 Cases, Michael Thurmer is the proper respondent in this action. The court now substitutes Michael Thurmer for Phil Kingston as respondent in this case. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

## BACKGROUND

In his habeas petition, Edwards does not dispute the underlying events that led to his arrest and conviction. On the morning of February 19, 2003, Edwards entered a branch of the M&I Bank in Milwaukee, Wisconsin. Edwards approached a teller, told the teller he had a gun, and demanded money. The teller turned over seven hundred dollars in cash, and Edwards fled the scene. Edwards's payday was short-lived, however, as police caught up to him within minutes. (Court of Appeals Decision, March 7, 2006, Ex. E ¶¶ 2-3, 7). Edwards was arrested and charged with armed robbery.

Edwards's claim for habeas relief centers on the proceedings that followed in Milwaukee County Circuit Court. The circuit court initially dismissed the complaint because apparently it was not properly signed and dated. After a second complaint was issued, Edwards's attorney requested a competency evaluation, which the circuit court ordered. Edwards was found competent to stand trial, but soon he began to have considerable troubles with his appointed counsel. In early April of 2003, Edwards's first appointed counsel withdrew, and a second counsel was appointed. Edwards waived a preliminary hearing and his second appointed counsel

entered a plea of not guilty on Edwards's behalf. (Transcript, May 8, 2003, Ex. M). In June, his second appointed counsel withdrew, and a third counsel was appointed. By September, Edwards's third appointed counsel had withdrawn, and the court appointed a fourth counsel. In December, Edwards requested to proceed *pro se*, which the court allowed while directing Edwards's appointed counsel to remain as standby counsel. (Transcript, Dec. 8, 2003, Ex. S). On the day the trial was scheduled to begin, Edwards informed the circuit court that he no longer wished to act *pro se*, and requested that new counsel be appointed. (Transcript, Feb. 23, 2004, Ex. U). The court refused to appoint new counsel, and *voir dire* began to pick a jury. During the *voir dire* of potential jurors, Edwards disrupted the proceedings multiple times and the judge decided to strike the entire panel. (Transcript, Feb. 24, 2004, Ex. V). Eventually, a jury was selected, and the trial commenced. However, after the testimony of the prosecution's first witness, Edwards decided to change his plea. (Transcripts, Feb. 26, 2004, Ex. Y & Z). Edwards pleaded guilty, and was sentenced to 18 years in prison, and 8 years of extended supervision. He is currently confined to the Waupun Correctional Institution.

Edwards filed multiple motions for post-conviction relief in the circuit court, all of which were denied. Edwards appealed to the Wisconsin Court of Appeals, District 1, which rejected Edwards's arguments and affirmed his conviction. (Court of Appeals Decision, March 7, 2006, Ex. E). Edwards appealed to the Wisconsin Supreme Court, which denied review of the case. (Order, June 14, 2006, Ex. G).

-3-
Case 2:07-cv-00275-JPS   Filed 12/09/08   Page 3 of 14   Document 41

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the court's authority to issue writs of habeas corpus. Under AEDPA, when a constitutional claim is adjudicated on the merits by a state court, a federal court may only grant habeas relief if the state court's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Therefore, a court reviewing a habeas petition must evaluate the reasonableness of the state court's decision, and not merely whether the state court decision was incorrect or erroneous in its result. *See Williams v. Taylor*, 529 U.S. 362, 410-12 (2000). All factual determinations of the state court are presumed correct unless the petitioner rebuts such determinations by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### 1. The Fourth Amendment

Edwards asserts that his Fourth Amendment rights were violated because he was convicted by a court that lacked the power to adjudicate his case. Edwards claims that the circuit court lost jurisdiction to decide his case after the first complaint was dismissed. Edwards was initially arrested by officers without a warrant, and remained in custody after the first complaint was dismissed. Edwards argues that the dismissal of the first complaint nullified his arrest, which in turn nullified the circuit court's basis for jurisdiction. Edwards posits that the circuit court could have
-4-

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the court's authority to issue writs of habeas corpus. Under AEDPA, when a constitutional claim is adjudicated on the merits by a state court, a federal court may only grant habeas relief if the state court's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Therefore, a court reviewing a habeas petition must evaluate the reasonableness of the state court's decision, and not merely whether the state court decision was incorrect or erroneous in its result. *See Williams v. Taylor*, 529 U.S. 362, 410-12 (2000). All factual determinations of the state court are presumed correct unless the petitioner rebuts such determinations by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**1.    The Fourth Amendment**

Edwards asserts that his Fourth Amendment rights were violated because he was convicted by a court that lacked the power to adjudicate his case. Edwards claims that the circuit court lost jurisdiction to decide his case after the first complaint was dismissed. Edwards was initially arrested by officers without a warrant, and remained in custody after the first complaint was dismissed. Edwards argues that the dismissal of the first complaint nullified his arrest, which in turn nullified the circuit court's basis for jurisdiction. Edwards posits that the circuit court could have

regained jurisdiction over him only if he had been released and re-arrested, presumably after an arrest warrant had been issued. Since he was never released from custody, Edwards argues he was seized in violation of the Fourth Amendment. Thurmer responds arguing that Edwards's Fourth Amendment claim is barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976). Thurmer further asserts that the circuit court's jurisdiction to hear Edwards's case is a question of Wisconsin state law and, therefore, irrelevant to a habeas claim in federal court.

The court finds no evidence of a Fourth Amendment violation in this case. Even if a legitimate Fourth Amendment claim existed, the court does not consider such a claim grounds for habeas relief because Edwards has had a full and fair opportunity to litigate such claims in state court. *See Stone*, 428 U.S. at 481-82 (holding Fourth Amendment exclusionary rule not grounds for habeas relief where petitioner had full and fair opportunity to litigate in state court). Edwards claimed in his brief to the Wisconsin Court of Appeals that he had been illegally seized in violation of the Fourth Amendment. (Appellant Br., Ex. B). Yet, as is the case with his habeas brief, Edwards's substantive argument centered on whether the circuit court had jurisdiction.[1] The Wisconsin Court of Appeals addressed Edwards's claim on jurisdictional grounds. Questions of a state court's jurisdiction in a criminal case

---

[1] Edwards's brief repeatedly refers to his warrantless arrest, as if to implicitly argue his initial arrest was illegal. However, under the Fourth Amendment, it is well-settled that a warrant is not required to make an arrest in a public place where an officer has probable cause to believe a person has committed a felony. *See Florida v. White*, 526 U.S. 559, 565-66 (1999) (citation omitted). Here, officers appear to have had probable cause to believe that Edwards robbed the M&I Bank. Edwards matched a physical description of the perpetrator, was detained near the bank shortly after the robbery, and was in possession of the same denominations of bills as had been taken from the bank. (Court of Appeals Decision, March 7, 2006, Ex. E, ¶ 5).

are generally matters of state law. *See Krysheski v. Kingston*, No. 06-C-015, 2006 WL 2009082, at *2 (E.D.Wis. July 17, 2006) (citing *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994)). Since habeas relief is available only to those in custody in violation of the Constitution, federal law or treaties, *see* 28 U.S.C. § 2254(a), the court does not review a state court's decisions of state law questions. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because Edwards's Fourth Amendment claim alleges only violations of state law rather than the Constitution, the court denies Edwards's habeas petition on this ground.

**2.    Double Jeopardy**

Edwards next asserts that he was placed in jeopardy for the same offense twice in violation of the Fifth Amendment. Edwards argues that when the circuit court dismissed the first panel of jurors during *voir dire*, it was ordering a de facto mistrial. After that point, Edwards contends that continuing the trial with a new jury violated the Fifth Amendment. Thurmer responds that jeopardy had not attached during the initial *voir dire* proceeding because the jury had not yet been sworn. The Wisconsin Court of Appeals agreed that jeopardy had not attached because the initial jury panel had not been sworn in at the time the circuit court ordered a new panel.

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." A key consideration of this constitutional limit on government power is the point at which a person accused of a crime is actually put in jeopardy. In other words, when

-6-

jeopardy attaches in a criminal case. The Supreme Court considered this question in *Crist v. Bretz*, and held that jeopardy attaches only after the jury is empaneled and sworn. *See* 437 U.S. 28, 37-38 (1978). Here, there is no dispute that the first panel of jurors had not been sworn in when the circuit court dismissed it. There is also no dispute that a jury was picked and finally sworn from a second panel of jurors. Therefore, because Edwards was put in jeopardy only once, the court denies Edwards's habeas petition with respect to this ground.

Edwards also attempts to argue that his Fifth Amendment right against compelled self-incrimination was violated. However, Edwards has procedurally defaulted on this specific Fifth Amendment claim, and the court dismissed this claim in its order made pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases. (Order, April 3, 2007, Docket #5). Therefore, the court does not address this claim.

### 3. Ineffective Assistance of Counsel

Edwards levels multiple claims of ineffective assistance of counsel against three of the four attorneys appointed to represent him in the state circuit court trial.[2] Edwards alleges that his first three appointed counsel failed to adequately pursue Edwards's claim that the circuit court lacked personal jurisdiction. Edwards further

---

[2]To the extent that Edwards argues that the failure of his appointed counsel to advise him of his *Miranda* privilege constituted ineffective assistance, the court considers Edwards to have procedurally defaulted on this ground by not raising it in his post-conviction appeals. (Appellant Br., Ex. D; Court of Appeals Decision, March 7, 2006, Ex. E). Moreover, the court finds that Edwards's default on this issue is not excused. *See Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) (requiring showing of cause and prejudice to overcome procedural default). The record shows that the circuit court held a *Miranda-Goodchild* hearing to determine whether violations of *Miranda* occurred.

alleges that his first appointed counsel failed to fully inform Edwards of his right to a preliminary hearing and thereby deprived him of that right.  Edwards alleges that his second appointed counsel failed to object to the prosecution's assertion that Edwards did not qualify for a speedy trial because he was being held for a separate parole violation.  Finally, Edwards alleges that his fourth appointed counsel failed to object to the circuit court's dismissal of the first jury panel during *voir dire* proceedings.  Edwards claims that if his appointed counsel had acted differently, he would not have pleaded guilty.

The Sixth Amendment of the Constitution guarantees the right of an accused in a criminal case to have assistance of counsel to mount a defense.  Implicit in this right is that a person accused of a crime receives *effective* assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 685-86 (1984) (citation omitted).  To constitute ineffective assistance, a counsel's conduct must have "so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.  This requires a showing that counsel made serious errors that a reasonably competent attorney would not have made, and that those errors caused prejudice such that the result of the proceeding would have been different.  *See id.* at 687-88, 694.

Edwards has not shown that any of his appointed counsel acted unreasonably, or that any of their alleged errors caused prejudice.  First, Edwards's jurisdictional objection appears to have no basis in Wisconsin law.  The Wisconsin Court of Appeals found the circuit court and the prosecution followed Wisconsin statutes and,

therefore, never lost personal jurisdiction over Edwards. (Court of Appeals Decision, March 7, 2006, Ex. E, ¶ 5-8).  The court defers to the court of appeals' determination on this state law issue.  Therefore, under Wisconsin state law, Edwards's first appointed counsel had no grounds on which to lodge an objection.  With respect to Edwards's right to a preliminary hearing, Edwards waived his right to such a hearing in open court, and his counsel entered a plea of not guilty on his behalf.  (Transcript, Ex. M).  Even if Edwards's counsel had advised Edwards not to waive the hearing, there is no indication such a hearing would have altered Edwards's eventual guilty plea.

Next, Edwards argues that his appointed counsel failed to properly assert Edwards's right to a speedy trial.  Thurmer contends that the speedy trial issue discussed during the proceedings were in reference to Wisconsin's speedy trial statute, and not Edwards's Sixth Amendment right.  Thurmer notes that since Wisconsin's speedy trial statute provides a remedy of release from custody, and Edwards was in custody for an unrelated parole violation, the circuit court concluded that it was not constrained by the statutory deadlines.  The court finds that Edwards's attorney did not provide ineffective assistance in advocating for Edwards's right to a speedy trial.  In fact, Edwards's counsel actually brought Edwards's request for a speedy trial to the circuit court's attention during a scheduling conference on May 20, 2003.  (Transcript, Ex. N).  Moreover, as discussed below, much of the delay in Edwards's trial was due to Edwards's multiple requests to appoint new counsel or to proceed *pro se.*  Even if Edwards had shown

-9-

his attorney deviated from what a reasonable attorney would have done, Edwards has not shown that any prejudice resulted.

Finally, Edwards alleges that his fourth appointed counsel failed to object to the circuit court's dismissal of the first jury panel during *voir dire* proceedings. Edwards claims that his attorney should have objected to the dismissal of the first panel based on the Double Jeopardy Clause of the Fifth Amendment. Thurmer responds that since jeopardy had not yet attached when the prosecutor moved to strike the panel, Edwards's attorney had no legitimate basis on which to raise an objection. The court agrees. At the time the circuit court dismissed the panel, Edwards was acting *pro se*, with his appointed counsel acting only in a "standby" capacity. Even if Edwards's standby counsel had advised Edwards to object, Edwards objection would have likely been overruled because jeopardy considerations had not yet attached to the case. Therefore, having concluded that Edwards has failed to show any of his four appointed trial counsel provided ineffective assistance, let alone that he suffered prejudice as a result, the court denies Edwards's habeas petition with respect to his claim of ineffective assistance of counsel.

**4.     Speedy Trial**

Edwards next asserts that he is entitled to habeas relief because his right to a speedy trial under the Sixth Amendment of the Constitution was violated. Edwards argues that he suffered prejudice because his trial commenced over a year after his arrest. (Court of Appeals Decision, March 7, 2006, Ex. E, ¶ 23) (finding 372 days

-10-

Case 2:07-cv-00275-JPS   Filed 12/09/08   Page 10 of 14   Document 41

elapsed between Edwards's arrest and the date on which his trial commenced). Thurmer responds that Edwards waived any speedy trial claim by virtue of his guilty plea. Thurmer admits, however, that the state did not raise this waiver argument before the Wisconsin Court of Appeals. In the alternative, Thurmer argues that Edwards's speedy trial claim fails under the four-part test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972).

The Sixth Amendment ensures that "[i]n all prosecutions, the accused shall enjoy the right to a speedy and public trial. . ." U.S. Const. amend. VI. This right applies to state court proceedings under the Fourteenth Amendment. *See Klopfer v. State of North Carolina*, 386 U.S. 213, 222-23 (1967). In determining whether delays during pretrial proceedings rise to the level of a constitutional violation, the court must determine: (1)"whether delay before trial was uncommonly long;" (2) "whether the government or the criminal defendant is more to blame for the delay;" (3) "whether, in due course, the defendant asserted his right to a speedy trial;" and (4) "whether [defendant] suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citation omitted). The sole remedy for a violation of the right to a speedy trial is dismissal of the case. *See Barker*, 407 U.S. at 522. The Seventh Circuit has held that a defendant who "knowingly, intelligently and voluntarily" enters a plea of guilty waives the right to challenge his or her conviction on speedy trial grounds. *See United States v. Gaertner*, 583 F.2d 308, 311 (7th Cir. 1978) (holding "[s]peedy trial violations preclude the establishment of guilt by trial, but a finding of guilty by a proper plea remains a viable option"); *see also Danks v.*

*Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004) (noting the applicability of the rule to unconditional guilty pleas).

Here, Edwards entered an unconditional plea of guilty in open court shortly after his trial began. (Transcript, Feb. 26, 2004, Ex. Z, 20-27). The circuit court judge conducted a thorough colloquy, which included a description of the charges and their factual predicate, as well as a review of the rights Edwards was giving up by pleading guilty. Among the rights specifically mentioned by the circuit court was the right to a trial. (Transcript, Feb. 26, 2004, Ex. Z, 20-21, 26). The circuit court specifically asked Edwards whether he was making the choice to enter a plea of guilty freely, voluntarily and intelligently, to which Edwards responded "[f]reely, voluntarily and intelligently." (Transcript, Feb. 26, 2004, Ex. Z, 26). Because the court considers Edwards's guilty plea to have been made knowingly, intelligently and voluntarily, the court finds that Edwards's waived his right to challenge his conviction on speedy trial grounds.[3] Therefore, the court denies Edwards's petition for habeas relief on speedy trial grounds.

### 5. Guilty Plea

Finally, Edwards asserts that he is entitled to habeas relief because he did not knowingly and voluntarily enter into a plea of guilty. Thurmer responds to this claim by arguing Edwards defaulted on this ground by not raising it in his appeal to the

---

[3] Even if Edwards had not waived the right to challenge his conviction on speedy trial grounds, the court considers the Wisconsin Court of Appeals to have reasonably applied federal law. In its opinion, the court of appeals considered the merits of Edwards's claim and utilized the four-part test from *Barker* and *Doggett*. (Court of Appeals Decision, March 7, 2006, Ex. E ¶¶ 16-40).

Wisconsin Supreme Court. The court finds that Edwards has procedurally defaulted on the claim that his plea was not voluntarily or knowingly made. While Edwards raised the point in his brief to the Wisconsin Court of Appeals, he did not raise it in his brief to the Wisconsin Supreme Court. Therefore, Edwards did not exhaust his state court remedies in challenging the validity of his guilty plea. *See* 28 U.S.C. § 2254(b)(1)(A). Edwards did not give the Wisconsin Supreme Court full and fair opportunity to consider whether his guilty plea was made voluntarily and knowingly. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (discussing the exhaustion doctrine in habeas claims). Moreover, Edwards has not shown cause for, or prejudice from, failing to raise this claim before Wisconsin's highest court, nor has Edwards demonstrated that his default on this claim "would lead to a 'fundamental miscarriage of justice.'" *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). As discussed above, the record from Edwards's trial demonstrates that Edwards knowingly, intelligently and voluntarily plead guilty in open court. Therefore, the court denies Edwards's habeas petition based on the invalidity of his guilty plea.

In conclusion, Edwards has failed to demonstrate that the Wisconsin Court of Appeals' decision in his case was contrary to, or constituted an unreasonable application of any clearly established U.S. Supreme Court precedent, or that the decision resulted in an unreasonable determination of the facts in light of the evidence presented at state court. 28 U.S.C. § 2254(d)(1) & (2). Thus, pursuant to 28 U.S.C. § 2254(d), the court is obliged to deny Edwards's petition for a writ of

habeas corpus. Moreover, the court finds no basis to review the merits of the claims on which Edwards has procedurally defaulted, or the claim which Edwards has waived.

Accordingly,

**IT IS ORDERED** that Michael Thurmer is hereby **SUBSTITUTED** for Phil Kingston as respondent in this action;

**IT IS FURTHER ORDERED** that Edwards's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge