UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TERRANCE EDWARDS,

          Petitioner,

v.                                          Case No. 07-CV-275

MICHAEL THURMER ,

          Respondent.
_____

## ORDER

On May 13, 2009 (Docket #56), and again on June 18, 2009 (Docket #59), the petitioner, Terrance Edwards, filed motions for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, challenging the court's December 9, 2008 order (Docket #41) denying Edwards' petition for a writ of habeas corpus. Even under the December 1, 2009 update to the Federal Rules of Civil Procedure, Fed. R. Civ. P. 59(e) requires that a "motion to alter or amend a judgment . . . be filed no later than 28 days after the entry of judgment." Edwards' motion, submitted more than five months after final judgment was issued, is hopelessly time barred. It was for this reason that Edwards' first motion for reconsideration (Docket #56) was denied with a margin order on June 10, 2009. The court does not hesitate in denying the current motion.

More generally, the court finds that the petitioner lacks a good-faith basis for his motions. In his multiple requests for reconsideration, the petitioner continues to reassert baseless legal claims that border on the incoherent. Edwards' claims have

been rejected both by this court and the Seventh Circuit. (Docket #54). The petitioner's behavior only serves to harass and burden this court's limited resources. *In re McDonald,* 489 U.S. 180, 184 (1989) ("Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.")*;  see also In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.") This order will be the last warning before the court contemplates issuing a prefiling injunction limiting the petitioner's ability to file any more motions with this court on the matter at hand, a step several federal district courts have sadly had to take in order to limit abuses of the right to access the court. *See Miles v. Angelone*, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (issuing a prefiling injunction prohibiting the petitioner from filing any more motions for reconsideration without the Fourth Circuit's approval); *see also Frazier v. United States*, No. 4:03CV01060 ERW, 2009 U.S. Dist. LEXIS 5622, at *6 (E.D. Mo. Jan. 28, 2009) ("Petitioner's pattern of filing frivolous and improper motions in this case is an abuse of this Court's resources.") Other penalties may be imposed by this court at its discretion. *See Alexander v.*

*United States*, 121 F.3d 312, 315 (7th Cir. 1997) (issuing a fine of $500 and holding that "any further applications for leave to file successive collateral attacks will be deemed denied on the 30th day unless the court otherwise orders" against a prisoner who filed excessive complaints with the court); *see also In re Walker*, 238 F.3d 426 [published in full-text format at 2000 U.S. App. LEXIS 38070] (6th Cir. 2000) ("[P]risoners who persist in flooding the courts with frivolous and repetitive actions that waste the courts' time and resources … risk being sanctioned for doing so, including losing their ability to proceed in forma pauperis with respect to their future civil actions, as well as being subjected to a substantial fine.")

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #59) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge